FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 20 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

PNC BANK, NATIONAL ASSOCIATION

    Plaintiff,

    v.

KENNETH D. SMITH, WILLIAM R.
DOOLEY, TERRY W. DOOLEY, ROBERT
MCNAUGHTON, CHRIS DOOLEY,
TIMOTHY R. STERRITT, and
NEW SOUTH VISION PROPERTIES, LLC,
a Florida Limited Liability Company,

    Defendants.

Civil Action No.:

**1: 1 4 - C V - 3 3 6 8**



**WSD**

## COMPLAINT

Plaintiff, PNC Bank, National Association, ("PNC"), by and through its undersigned counsel hereby files its Complaint for breach of guaranties and attorney's fees (the "Complaint") against Defendants Kenneth D. Smith, William R. Dooley, Terry W. Dooley, Robert McNaughton, Chris Dooley, Timothy Sterritt, and New South Vision Properties, LLC, and states:

## PARTIES, JURISDICTION, AND VENUE

1.

PNC is a national banking association with its principal place of business located in Pittsburgh, Pennsylvania.

36897335.1

2.

PNC is the successor by merger to RBC Bank (USA), Inc. ("RBC"), a North Carolina Banking corporation.

3.

RBC is the successor by merger to The Peachtree Bank ("Peachtree Bank").

4.

Kenneth D. Smith ("Smith") is an individual who resides in Salem, South Carolina.

5.

William R. Dooley ("W. Dooley") is an individual who resides in Longboat Key, Florida.

6.

Terry W. Dooley ("T. Dooley") is an individual who resides in Lawrenceville, Georgia.

7.

Robert McNaughton ("McNaughton") is an individual who resides in St. Petersburg, Florida.

8.

Chris Dooley ("C. Dooley") is an individual who resides in Dacula, Georgia.

9.

Timothy R. Sterritt ("Sterritt") is an individual who resides in Suwanee, Georgia.

10.

New South Vision Properties, LLC ("New South") is a Florida limited liability company with its principal place of business now located in Buford, Georgia.

11.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is a dispute between citizens of different states.

12.

This Court has personal jurisdiction over the Defendants because (1) Defendants regularly and routinely transact business in the State of Georgia and (2) Defendants executed the loan documents that form the basis for this action in the State of Georgia.

13.

Venue is proper pursuant to 28 U.S.C. § 1391 (b) because Defendants (1) reside in this District, (2) a substantial part of the events giving rise to the claims

occurred in this District, and/or (3) the Defendants are subject to personal jurisdiction in this District.

## BACKGROUND REGARDING THE LOAN

### 14.

On or about May 6, 2004, Peachtree Bank made a loan to Hoschton Towne Center, LLC ("Borrower") in the original principal amount of $2,500,000.00 (the "Loan").

### 15.

The Loan is evidenced by, among other things, that certain Promissory Note May 6, 2004, by Borrower to the order of Peachtree Bank, in the principal face amount of $2,500,000.00 (the "Note"). A true and correct copy of the Note is attached as **Exhibit A** and is incorporated herein by reference.

### 16.

On May 6, 2004, Borrower executed a Deed to Secure Debt and Security Agreement (hereinafter the "Security Deed") in favor of Peachtree Bank. The Security Deed was recorded on May 7, 2004, in Deed Book 34K, Page 233, *et seq.* Jackson County, Georgia Records. A true and correct copy of the Security Deed is attached hereto as **Exhibit B** and is incorporated herein by reference.

17.

The Note specified a maturity date of May 6, 2005 (the "Maturity Date"), by which all outstanding principal had to be paid.

18.

On May 6, 2004, C. Dooley, Smith, McNaughton, T. Dooley, Sterritt, W. Dooley (collectively, the "Individual Guarantors"), and New South each executed Guaranties (the "Guaranties") in favor of Peachtree Bank, collectively guaranteeing, among other things, Borrower's obligations under the Note and the Security Deed. True and correct copies of the Guaranties are attached as composite **Exhibit C** and incorporated herein by reference.

19.

On May 2, 2005, Borrower executed and delivered to the Peachtree Bank a modified Promissory Note (the "First Modified Note") that, *inter alia*, increasing the principal amount on the Note to $2,700,000.00 ("First Modified Loan"), with interest thereon as provided therein. A true and correct copy of the First Modified Note is attached hereto as **Exhibit D** and incorporated herein by reference.

20.

On May 2, 2005, the Individual Guarantors and New South each executed additional guaranties (the "2005 Guaranties") in favor of Peachtree Bank,

collectively guaranteeing, among other things, Borrower's obligations under the First Modified Note and the Security Deed. True and correct copies of the 2005 Guaranties are attached as composite **Exhibit E** and incorporated herein by reference.

21.

On November 10, 2006, Borrower executed and delivered to the Peachtree Bank a modification to the First Modified Note (the "Second Modified Note"), that *inter alia* decreased the principal amount on the First Modified Note to $2,685,325.00 (the "Second Modified Loan"), with interest thereon as provided therein. A true and correct copy of the Second Modified Note is attached hereto as **Exhibit F** and incorporated herein by reference.

22.

On November 10, 2006, Borrower executed and delivered to Peachtree Bank a Modification and Extension of Promissory Note/Deed to Secure Debt that modified, extended, and renewed the Second Modified Note and Security Deed ("First Omnibus Modification"). The First Omnibus Modification was recorded on December 18, 2006 in Deed Book 46U, Page 724, *et seq.,* Jackson County, Georgia Records. A true and correct copy of the First Modification is attached hereto as **Exhibit G** and is incorporated herein by reference.

23.

On November 10, 2006, Smith, McNaughton, T. Dooley, and W. Dooley each executed additional guaranties (the "2006 Guaranties") in favor of Peachtree Bank, collectively guaranteeing, among other things, Borrower's obligations under the Second Modified Note and the First Omnibus Modification. True and correct copies of the 2006 Guaranties are attached as composite **Exhibit H** and incorporated herein by reference.

24.

On April 2, 2007, Borrower executed and delivered to the Peachtree Bank a modification to the Second Modified Note (the "Third Modified Note") that, *inter alia,* increased the principal amount on the Second Modified Note to $2,688,037.50 (the "Third Modified Loan"), with interest thereon as provided therein. A true and correct copy of the Third Modified Note is attached hereto as **Exhibit I** and incorporated herein by reference.

25.

On April 2, 2007, Borrower executed and delivered to Peachtree Bank a Modification and Extension of Promissory Note/Deed to Secure Debt that modified, extended, renewed the Second Modified Note and Security Deed ("Second Omnibus Modification"). The Second Omnibus Modification was recorded on April 23, 2007 in Deed Book 48J, Page 77, *et seq.,* Jackson County,

Georgia Records. A true and correct copy of the Second Omnibus Modification is attached hereto as **Exhibit J** and is incorporated herein by reference.

26.

On April 2, 2007, the Individual Guarantors each executed additional guaranties (the "2007 Guaranties") in favor of Peachtree Bank, collectively guaranteeing, among other things, Borrower's obligations under the Third Modified Note and the Second Omnibus Modification. True and correct copies of the 2007 Guaranties are attached as composite **Exhibit K** and incorporated herein by reference.

27.

On April 7, 2008, Borrower executed and delivered to Peachtree Bank a modification to the Third Modified Note (the "Fourth Modified Note" and collectively with the Note, First Modified Note, Second Modified Note, and the Third Modified Note, the "Hoschton Notes") that, *inter alia*, decreased the principal amount on the Fourth Modified Note to $2,655,183.72 (the "Fourth Modified Loan"), with interest thereon as provided therein. A true and correct copy of the Fourth Modified Note is attached hereto as **Exhibit L** and incorporated herein by reference.

28.

The Fourth Modified Note specified a change in the maturity date to April 7, 2011 (the "Modified Maturity Date"), on which all outstanding principal and interest due on the Fourth Modified Loan had to be paid.

29.

On April 7, 2008, Borrower executed and delivered to Peachtree Bank a Modification of Security Deed that modified, extended, and renewed the Security Deed (the "Modified Deed"). The Modified Deed was recorded on April 11, 2008 in Deed Book 52A, Page 385, *et seq.,* Jackson County, Georgia Records. A true and correct copy of the Modified Deed is attached hereto as **Exhibit M** and is incorporated herein by reference.

30.

On April 7, 2008, the Individual Guarantors each executed additional guaranties (the "2008 Guaranties" and collectively with the 2005 Guaranties, the 2006 Guaranties, and the 2007 Guaranties, the "Guaranties") in favor of Peachtree Bank, collectively guaranteeing, among other things, Borrower's obligations under the Fourth Modified Note and the Modified Deed. True and correct copies of the 2008 Guaranties are attached as composite **Exhibit N** and incorporated herein by reference.

31.

On or about April 11, 2008, Peachtree Bank merged with RBC.

32.

On or about March 3, 2012, RBC merged with PNC.

33.

PNC is the holder of the Hoschton Notes, the Security Deed, the First Omnibus Modification, the Second Omnibus Modification, the Third Omnibus Modification, the Modified Deed,  the Guaranties, and other applicable and corresponding loan documents (collectively the "Loan Documents").

34.

PNC is the proper party in interest to enforce the terms and conditions of the Loan Documents.

## BORROWER'S DEFAULT AND NOTICE OF NONPAYMENT

35.

Borrower is in default, as delineated in the Loan Documents ("Default").

36.

Specifically, events of default occurred under the Loan Documents by reason of, without limitation, Borrower's failure to pay all outstanding principal

and interest then due by the Modified Maturity Date, *inter alia* (collectively, the "Events of Default").

37.

On or about April 18, 2013, PNC, in accordance with the provisions of the Loan Documents, transmitted to Borrower and Guarantors notice of its intent to accelerate the maturity of the Hoschton Notes and to declare the entire unpaid principal and interest then due (the "Indebtedness") immediately due and payable (the "Default Demand"). A true and correct copy of the Default Demand is attached hereto as **Exhibit O** and incorporated herein by reference.

38.

The Default Demand further provided notice to Borrower and Guarantors of PNC's intent to exercise any and all of its rights and remedies under the Loan Documents including, but not limited to foreclosure, direct suits against the Guarantor for collection of the Indebtedness, and collection of attorney's fees.

39.

The Default Demand further provided Borrower and Guarantors ten (10) days to pay the Indebtedness to avoid incurring the additional obligation of paying PNC's attorney's fees.

40.

Borrower and Guarantors failed to pay the Indebtedness at the time and in the matter demanded by the Default Demand.

41.

Borrower and Guarantors remain in Default to date and the Events of Default continue to exist.

## COUNT I
## BREACH OF GUARANTY

42.

PNC incorporates by reference and re-alleges each allegation contained in Paragraphs 1 through 41, as if contained herein.

43.

Guarantors have been the guarantors on the Loan since May 6, 2004.

44.

Borrower and Guarantors failed to cure the Events of Default, as required by the Hoschton Notes and the Guaranties.

45.

Guarantors failed to pay the Indebtedness, as required by the Hoschton Note, the Guaranties, and the Default Demand.

46.

Guarantors received material benefits from the Loan Documents, despite the Defaults.

47.

PNC is entitled to judgment against Guarantors in an amount to be proven at trial, including all principal, interest, late charges, and costs owed pursuant to the Loan Documents including, but not limited to, the Guaranties.

## COUNT II
## ATTORNEY'S FEES AND EXPENSES OF LITIGATION

48.

PNC incorporates by reference and re-alleges each allegation contained in Paragraphs 1 through 41, as if contained herein.

49.

Guarantors have failed and/or refused to satisfy their obligations to PNC under the respective Loan Documents.

50.

PNC provided Guarantors with notice of default, demand for payment, and acceleration in the Default Demand, as delineated in the respective Loan Documents.

51.

As part of the Default Demand, PNC made a demand for attorneys' fees, pursuant to O.C.G.A. § 13-1-11, in the event that the Indebtedness owed plus interest accruing under the respective Loan Documents was not paid within ten (10) days from service of the Default Demand upon Guarantors.

52.

Guarantors failed to pay the amounts outlined in the Default Demand.

53.

Guarantors are further notified that they may avoid payment of the attorney's fees outlined herein and by the Demand Letter by tendering the Indebtedness, as outlined in the Loan Documents and the Default Demand, to PNC within ten days of service of this Complaint on all Guarantors, as provided in O.C.G.A. § 13-1-11.

54.

PNC reserves all rights not otherwise asserted herein, including but not limited to the right to foreclose upon collateral outlined in the Loan Documents, through non-judicial and/or judicial means.

WHEREFORE, Plaintiff PNC Bank, National Association demands the following:

(a)  For judgment against Guarantors based upon Guarantors' breach of their guaranty obligations to PNC, in an amount to be proven at trial, including all principal, interest, late charges and costs, owed pursuant to the Loan Documents;

(b)  For attorney's fees and expenses of litigation against Guarantors, pursuant to O.C.G.A. § 13-1-11;

(c)  Post-judgment interest against Guarantors, pursuant to Georgia law; and

(d)  For such other and further relief as this Court deems just and proper.

Respectfully submitted this 20th day of October, 2014.

*[Signature on Following Page]*

36897335.1                                   - 15 -

**CARLTON FIELDS JORDEN BURT, P.A.**

Walter H. Bush
Georgia Bar No. 098825
F. Xavier Balderas
Georgia Bar No. 705136
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3449
Tel:    404.815.3400
Fax:    404.815.3415

*Attorneys for Plaintiff PNC Bank, N.A.*

## LOCAL RULE 7.1(D) CERTIFICATION

Pursuant to Local Rule 7.1(D), I hereby certify that this document has been

prepared with Times New Roman font, 14 point.

F. Xavier Balderas