## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) | |
| | ) | Civil Action File No.: |
| Plaintiff, | ) | 1:14-CV-3368-ELR |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH D. SMITH, WILLIAM R. | ) | |
| DOOLEY, TERRY W. DOOLEY, | ) | |
| ROBERT MCNAUGHTON, CHRIS | ) | |
| DOOLEY, TIMOTHY R. STERRITT, and | ) | |
| NEW SOUTH VISION PROPERTIES, | ) | |
| LLC, a Florida Limited Liability Company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO CERTIFY

COME NOW Defendants Kenneth D. Smith, William R. Dooley, Terry W. Dooley, Robert McNaughton, Chris Dooley, Timothy R. Sterritt, and New South Vision Properties, LLC, (collectively, "Defendants" or "Guarantors"), by and through their undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and file this their Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint or in the alternative, Motion to Certify, respectfully showing the Court as follows:

## Statement of Case

Plaintiff PNC Bank, National Association ("Plaintiff' or "PNC"), instituted the above-captioned diversity action on October 20, 2014 in this Court seeking money damages jointly and severally from all of the Guarantors for all principal, interest, late charges and costs, as well as attorneys' fees arising from the alleged default of Defendants' purported obligations under certain guaranties, Exhibits "C," "E," "H," "K," and "N," to the Complaint, collectively, the "Guaranties." The Guaranties were executed in conjunction with certain Promissory Notes, Exhibits "A," "D," "F," "G," "I," "J," and "L" to the Complaint, collectively, the "Notes," as well as a Deed to Secure Debt and Security Agreement (the "Security Deed") for certain real property located in Jackson County, Georgia and more particularly described as "Lot 5 of on that certain Final Subdivision Plat for Hoschton Towne Center" (the "Subject Property").  The Security Deed and a Modified Deed are attached as Exhibits "B" and "M" to the Complaint, respectively.

Defendants acknowledged and waived service of Plaintiff's Complaint, and by stipulation and consent, the time for Defendants to answer, plead or otherwise respond to Plaintiff's Complaint was extended to and including January 9, 2015.

This Motion constitutes the timely initial response of Defendants to Plaintiff's Complaint.

## Summary of Argument

It is undisputed that prior to instituting this civil action, Plaintiff foreclosed on the Subject Property that was used to secure the Notes underlying the Guaranties which are the subject of this civil action.  It is also undisputed that following the foreclosure of the Subject Property, Plaintiff instituted a foreclosure confirmation proceeding in the Superior Court of Jackson County, Georgia pursuant to O.C.G.A. § 44-14-161, and that after receiving offers to purchase the Subject Property for more than what the Subject Property was knocked down and sold at foreclosure, Plaintiff voluntarily dismissed the foreclosure confirmation action without prejudice.

Defendants argue that once a creditor forecloses on real property securing a debt, the creditor must confirm the foreclosure sale in accordance with O.C.G.A. § 44-14-161, *et seq.*, Georgia's Foreclosure Confirmation Statute, before pursuing a deficiency claim against the principal debtor or any guarantor of said debt.  Thus, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted in that the foreclosure sale of the Subject Property, which served as collateral for the debt at issue in this matter, was never confirmed.

## Statement of Facts

The facts supporting Defendants' Motion to Dismiss are simple.  On May 6, 2014, as part of a loan transaction, Hoschton Towne Center, LLC (the "Borrower") granted a security interest to Plaintiff in the Subject Property.  The security interest was evidenced by a Deed to Secure Debt and Security Agreement, as well as a Modified Deed.  Plaintiff has presented certain Guaranties alleged to be signed by the Defendants, purporting to guarantee payment of the Notes secured by the Subject Property.[1]

In its Complaint, PNC alleges that on April 18, 2013, PNC delivered to both the Borrower and the Guarantors notice of its intent to accelerate the maturity of the Notes and to declare the entire unpaid principal and interest then due immediately due and payable.   Compl. ¶ 37 and Ex. O attached thereto.  On or about June 28, 2013, PNC transmitted notice pursuant to O.C.G.A. § 44-14-162.2 of its intent to initiate foreclosure proceedings in order to exercise the power of sale clause contained in the Security Deed.   ¶ 32 and Ex. Q attached to PNC's Report of Foreclosure Sale Under Power of Sale and Application for Confirmation of Such Foreclosure Sale (the "Foreclosure Confirmation Action").   A certified

---

[1] The Notes, Security Deed and Guaranties, collectively, the "Loan Documents" are all attached as exhibits to Plaintiff's Complaint.  The Loan Documents describe the contemplated transaction in detail and set forth the legal description of the Subject Property pledged to Plaintiff as part of the loan transaction.

copy of the Foreclosure Confirmation Action, including the exhibits attached thereto, is attached hereto as Exhibit "1" and incorporated herein.[2]  PNC alleges that it advertised said foreclosure sale in the *Jackson Herald* once per week for four (4) consecutive weeks immediately preceding the sale, on July 10, 17, 24 and 31, 2013.  *See id.* ¶ 33 and Ex. R attached thereto.  Pursuant to the terms of the power of sale and the advertisement, PNC conducted the aforementioned foreclosure sale on August 6, 2013 and the Subject Property was sold for $730,000.  *See id.* ¶¶ 34-35 and Ex. S attached thereto.

On or about September 3, 2013, PNC filed the Foreclosure Confirmation Action against the Borrower and the Guarantors,[3] *In the Superior Court of Jackson County*, Civil Action File No. W13CV0873.  *See id.*  PNC alleged that because the Subject Property "did not bring the amount of the debt due PNC," it filed the

---

[2] On a Motion to Dismiss, a court may look outside the pleadings of the instant case if the documents referenced are matters which the Court may take judicial notice.  *See Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1276-79 (11th Cir. 1999).  Matters of public record are matters which a court may take judicial notice.  *See id.; Henson v. CSC Credit Servs., Inc.,* 29 F.3d 280 (7th Cir. 1994).  The Court's consideration of pleadings and orders filed in the Foreclosure Confirmation Action will not require Defendants' Motion to be converted into a motion for summary judgment.  *See Clark v. BASF Salaried Employees' Pension Plan,* 329 F.Supp.2d 694, 697 (W.D.N.C. 2004)(considering publicly-recorded pleadings from prior court proceeding attached to defendant's motion to dismiss under 12(b)(6) and confirming that consideration of same did not require conversion of motion into one for summary judgment).

[3] All of the Guarantors herein were named in the Foreclosure Confirmation Action with the exception of Defendant New South Vision Properties, LLC.

Foreclosure Confirmation Action as required by O.C.G.A. § 44-14-161 "so that PNC may bring an action to recover the deficiency." *Id.* ¶¶ 37-38.

A Confirmation Hearing was scheduled for April 4, 2014. *See* April 9, 2014 Order Granting Respondents' Motion for Continuance in the Foreclosure Confirmation Action, a copy of which is attached hereto as Ex. "2" and is incorporated herein.[4]   However, prior to the scheduled hearing, Respondents therein (which included both the Borrower and the Guarantors)[5] filed a Motion to Compel Discovery and Motion for Continuance (the "Discovery Motion"). *See id.* In response to the Discovery Motion, PNC filed a written response and also "supplemented Petitioner's discovery responses … to include offers to purchase the subject property for $775,000 and $780,000 in October of 2013, following the $730,000 foreclosure sale in August of 2013." *Id.*

The Jackson County Court found that "these documents pertaining to the value of the subject property within a short time after the foreclosure were definitely discoverable" and that PNC's "late production of these documents, only a week before the confirmation hearing, is grounds for a continuance." *Id.* Although the Confirmation Hearing was reset, on July 10, 2014, prior to the rescheduled hearing, PNC filed a Notice of Dismissal Without Prejudice of the

---

[4] *See* Note 2, *Supra.*
[5] *See* Note 3, *Supra.*

Foreclosure Confirmation Action. *See* PNC's Notice of Dismissal Without Prejudice, a certified copy of which is attached hereto as Ex. "3" and is incorporated herein.[6]

Although PNC failed to confirm its August 6, 2013 foreclosure sale of the Subject Property, on October 20, 2014, PNC filed the instant action against the Guarantors. Because PNC failed to confirm the foreclosure sale of the Subject Property, a statutory condition precedent and a prerequisite to the recovery of a deficiency under Georgia law, PNC's Complaint fails to state a claim upon which relief may be granted and must be dismissed.

## Argument & Citation to Authority

I.   ***Motion to Dismiss for Failure to State a Claim.***

   A.   **Standard of Review.**

A complaint is subject to dismissal under Rule 12 (b)(6) where the plaintiff "fails to state a claim upon which relief can be granted." *Id.* A complaint should be dismissed under this rule only where it appears that the facts alleged "fail to state a plausible claim for relief." To survive a motion under this Rule, plaintiff's

---

[6] *See* Note 2, *Supra*. On July 7, 2014, less than one year following PNC's foreclosure of the Subject Property for $730,000, the Subject Property was re-sold for $1,031,000.00. *See* Exhibit "4" attached hereto.

complaint "must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

*Id.* at 678.  Here, Plaintiff's failure to confirm the foreclosure sale of the Subject

Property is fatal to its purported pursuit of the Guarantors for a deficiency.  In

other words, Plaintiff's Complaint fails to state a claim for relief against the

Guarantors for the deficiency because Plaintiff failed to plead a statutory condition

precedent to its pursuit of a deficiency.

**B.** **This Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) because Plaintiff did not plead facts demonstrating its compliance with the conditions precedent in O.C.G.A. 44-14-161 following its foreclosure of the Subject Property, and as such, Plaintiff's Complaint fails to state a claim for which relief can be granted.**

Plaintiff's undisputed failure to confirm the foreclosure sale of the Subject

Property in the present case bars Plaintiff from seeking to recover any alleged

deficiency against the Guarantors on the Guaranties.  Because Plaintiff failed to

plead the indispensable element of confirmation, Plaintiff's claims fail as a matter

of law, and should be dismissed.

Page 8

Georgia Code Section 44-14-161 bars a creditor from pursuing a deficiency judgment against a debtor unless the creditor obtains a judicial order confirming that the land sold for its true market value. *See Taylor v. Thompson*, 158 Ga. App. 671 (1981). The statute provides as follows:

> When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, **no action may be taken to obtain a deficiency judgment unless** the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and **shall obtain an order of confirmation and approval** thereon.

O.C.G.A. § 44-14-161 (a) (Emphasis added).

Georgia case law has defined a "deficiency" as "the difference between the fair and reasonable value of the collateral and the amount of the debt." *See Business Development Corp of Ga, Inc. v. Contestabile*, 261 Ga. 886 (1992); *see also Hill v. Moye*, 221 Ga. App. 411, 412 (1996) (citing *Gentry v. Hibbler-Barnes Co.*, 113 Ga. App. 1 (1966)). Moreover, Black's Law Dictionary defines a "deficiency suit" as "[a]n action to recover the difference between a mortgage debt and the amount realized on foreclosure." Black's Law Dictionary 359 (8th ed. 2005). Thus, in order to pursue a deficiency judgment following a foreclosure on real estate, Georgia law requires a creditor to obtain judicial "confirmation" that

the amount for which the property sold at foreclosure equaled or exceeded fair market value, such that the proper deficiency amount may be ascertained.

"The confirmation statute is in derogation of the common law and must be strictly construed." *River Farm, LLC v. SunTrust Bank*, 305 Ga. App. 337 (2010); *see also Turner v. Commonwealth Mtg. Assurance Co.*, 207 Ga.App. 428, 428 S.E.2d 398 (1993). In this vein, Georgia courts have determined that confirmation pursuant to O.C.G.A. § 44-14-161 constitutes a condition precedent to a deficiency judgment, one akin to a jurisdictional bar to bringing a lawsuit. *See Commercial Exch. Bank v. Johnson*, 197 Ga. App. 529, 530 (1990). In other words, the failure to confirm a foreclosure sale bars recovery under a deficiency claim, similar to a creditor's inability to sue on a debt discharged in bankruptcy. *See Turpin v. North Am. Acceptance Corp.,* 119 Ga.App. 212 (1969).

In *Archer Capital Fund, LP v. TKW Partners, LLC*, No. 1:08-CV-2747-TWT, 2009 WL 2356072 (N.D. Ga. July 27, 2009), for example, a Northern District of Georgia court dismissed a deficiency lawsuit when the sale was confirmed only after the deficiency suit was filed. The Court noted binding authority (i) "specifically stating that O.C.G.A. § 44-14-161(a) creates a condition precedent for a deficiency judgment," and (ii) "specifically equating a condition precedent to suit to a jurisdictional issue." Because the confirmation statute creates

a condition precedent for a deficiency judgment, and because a court does not have jurisdiction over suits with unfulfilled conditions precedent, the court held that the deficiency suit at issue was void *ab initio*.

The requirements of confirmation as a condition precedent apply with equal force to guarantors. Georgia case law has defined the term "debtor" broadly in the context of O.C.G.A. § 44-14-161 specifically to include guarantors, such as Defendants in the present case. *See First Nat'l Bank & Trust Co. v. Kunes*, 230 Ga. 888, 889 (1973); *see also Chastain Place, Inc. v. Bank South, N.A.*, 185 Ga. App. 178 (1987). In *Bank of North Georgia v. Windermere Development, Inc.*, 316 Ga. App. 33 (2012), the Georgia Court of Appeals held that

> The [confirmation] statute, by using the word 'debtor,' included all who were presently subject to payment of the debt, or who might be subjected to payment thereof, if within the knowledge of the payee of the note." *First Nat. Bank, etc. v. Kunes*, 128 Ga.App. 565, 568(5), 197 S.E.2d 446 (1973). **Thus, in this context, debtors includes guarantors.** *See First Nat. Bank, etc. v. Kunes*, 230 Ga. at 891, 199 S.E.2d 776.

(emphasis added). The Court of Appeals went on to explain that O.C.G.A. § 44-14-161(a) applies to foreclosure proceedings even on separate debts which are "inexplicably intertwined" to prevent creditors from avoiding the very purpose of the confirmation statute – protecting debtors [including guarantors] from deficiency judgments when their property is sold at a foreclosure sale for less than

Page 11

its fair market value.  *See Bank of North Georgia*, 316 Ga. App. 33, 38 (2012) (emphasis added).  "As a general rule, two debts that are incurred for the same purpose, secured by the same property, held by the same creditor, and owed by the same debtor are inextricably intertwined."  *Id*; s*ee also Redman Industries, Inc. v. Tower Properties, Inc.*, 517 F.Supp. 144 (1981).

The equal treatment of guarantors and borrowers under the confirmation statute is well established in Georgia.  According to O.C.G.A. § 44-14-162.1, the term "debtor" means "the grantor of the mortgage, security deed, or *other lien contract*" (emphasis added).  Moreover, Georgia courts routinely recognize that "an action for the balance remaining on a note following a foreclosure sale against a guarantor . . . is still an action for a deficiency judgment under the statute and is barred if no confirmation was obtained."  *United States v. Yates,* 774 F.Supp. 1368, 1372 (M.D. Ga. 1991).[7]  This is because the statute clearly intended to include both primary and secondary obligors whose debts were inextricably intertwined.  *Bank of North Georgia*, 316 Ga. App. 33, 38 (2012).

---

[7]  This is consistent with the Georgia Supreme Court's determination that a guarantor cannot make a pre-default waiver of the right to be notified of a secured party's foreclosure sale.  *See Brannon v. Equico Lessors, Inc.*, 255 Ga. 718 (1986).

The Georgia General Assembly's comments in enacting the Confirmation Statute support the statute's plain language, as well as the Georgia courts' interpretation of the statute to apply to both debtor and surety:

> The deficiency judgment is necessary for the protection of the creditor. It is just and reasonable that a debtor fully repay the creditor who bears the risk of lending him money. The reach of the deficiency judgment, however, should be circumscribed by sufficient safeguards to protect the debtor from overreaching by the creditor. If the present statutes are interpreted properly, the debtor, whether mortgagor, pledgor, or otherwise, is provided with sufficient protection. **The surety likewise would be protected if the courts properly interpret the deficiency judgment statutes in accordance with the nature and purpose of suretyship.**

*See Redman Industries, Inc.*, 517 F.Supp. at 150 (emphasis added) (citing comments by Georgia General Assembly). As such, the requirements outlined in O.C.G.A. § 44-14-161 were justified in the eyes of Georgia lawmakers – not only for the debtor, but also for the surety, in this case, the Guarantors.

Because Plaintiff failed to confirm the foreclosure sale, and therefore failed to plead this condition precedent to pursuing a deficiency action against the Defendants, Plaintiff cannot prove an essential element, and condition precedent, of its claim, *i.e.*, judicial confirmation that the foreclosure sale brought fair market value for the Subject Property. As a result, Plaintiff's Complaint fails to state a claim upon which relief may be granted and must therefore be dismissed.

Page 13

II.   **In the Alternative, Motion to Certify question to the Georgia Supreme Court.**

    A.   **<u>Although such an argument would conflict with Georgia Supreme Court decisions, Defendants anticipate that Plaintiff will argue that recent Georgia Court of Appeals decisions purport to allow lenders to bring deficiency suits against guarantors without satisfying the conditions precedent in O.C.G.A. § 44-14-161.</u>**

        1.   **Because *HWA* and *DCB* are not controlling *sub judice*, this Court should dismiss Plaintiff's Complaint for failure to state a claim.**

In two recent decisions, *HWA Prop., Inc. v. Cmty. & S. Bank*, 322 Ga. App. 877 (2013) (hereinafter "*HWA*") and *Community & Southern Bank v. DCB Investments, LLC*, 760 S.E.2d 210 (Ga. App. Ct. July 11, 2014) (hereinafter "*DCB*"), the Georgia Court of Appeals seems to have departed from eighty years of precedent by holding that a guarantor may, under certain limited circumstances, waive the confirmation requirement under O.C.G.A. § 44-14-161, apparently opening the door for a creditor to sue a guarantor for a post-foreclosure deficiency regardless of whether the foreclosure sale was conducted fairly and brought fair market value.

In *DCB*, the Court of Appeals noted that appellate courts are "required to construe agreements in a manner that 'respects the parties' sacrosanct freedom of contract." *DCB Investments, LLC*, 760 S.E.2d at 214.   It is also well-settled, however, that courts are required to strictly construe guaranty agreements in favor

Page 14

of the guarantor, and a guarantor's liability cannot be extended by implication or interpretation. *See Ameris Bancorp v. Ackerman*, 296 Ga. App. 295 (2009). Georgia law disfavors pre-default waivers of a guarantor's legal rights. *See Branan v. Equico Lessors, Inc.*, 255 Ga. 718 (1986) (guarantor who made a pre-default waiver of its right to receive reasonable notification of the secured party's sale of collateral was a "debtor" prohibited from making effective, pre-default waiver and, therefore, was not liable to secured party who failed to give guarantor reasonable notification required as prerequisite to action for deficiency remaining after sale of collateral); *see also Redman Industries, Inc. v. Tower Properties, Inc.*, 517 F.Supp. 144 (N.D. Ga. 1981) (courts consistently strike down schemes aimed at avoiding the deficiency legislation by illusory changes in form).

Defendants anticipate that Plaintiff will argue that Defendants, as guarantors, agreed to waive the confirmation requirement based upon the Court of Appeals' reasoning in *HWA* and *DCB*, where the Courts state that a guarantor may consent in advance to a course of conduct which would otherwise result in his discharge, "and this includes the waiver of *defenses* otherwise available to a guarantor." *DCB Investments, LLC*, 760 S.E.2d at 214 (emphasis added). However, *HWA* and *DCB* are fact-specific decisions based upon the specific waivers found in the guaranties in those cases. Most notably, the necessary waiver provisions noted by the Court

of Appeals in *HWA* and *DCB* are not present in the Guaranties in this case. Most importantly, it also appears that the guarantors in those cases did not raise the argument that the Guarantors raise herein, i.e. that Plaintiff failed to plead an essential element, indeed a condition precedent, of its claim for deficiency. "This issue central to the instant case was neither raised nor addressed by the Georgia Court of Appeals in [HWA]." *See* Exhibit "5," *infra.*

In *HWA* and *DCB*, the Court found only that the guarantor could not raise failure to confirm the foreclosure as a defense where the guarantor's personal guaranty included all of the following: (1) an express and comprehensive waiver of any and all defenses to his liability on the entire balance due on the note; (2) the guarantor's express consent for the payee to collect on other collateral and to apply the proceeds to the amount due on the note and that such application of receipts would not reduce, affect, or impair guarantor's liability; and (3) a statement that the guarantor would remain liable *whether or not the liability of Borrower or any other obligor was discharged pursuant to statute or judicial decision." HWA Prop., Inc.,* 322 Ga.App. at 883-886 (emphasis added). The Court of Appeals in both cases cited "freedom of contract" to justify finding that "a guarantor may consent in advance to a course of conduct which would otherwise result in his

discharge," including a waiver of defenses.[8]  *Id.* at 214.  The *DCB* Court noted that the guaranty at issue there contained the exact same waiver provision as in *HWA*, *i.e.*, one which stated that the guarantor agreed to remain liable for any deficiency remaining after the foreclosure of any property securing the note, whether or not the liability of the Borrower or any other obligor for such deficiency is discharged pursuant to statute or judicial decision.  *Id.* at 216.  *Sub judice,* the Guaranties do not include this critical provision found in both guaranties in *HWA* and *DCB*.

Under Georgia law, "[w]aiver is the voluntary relinquishment of a known right . . . ."  *Kennestone Hosp. v. Hopson*, 273 Ga. 145, 148, 538 S.E.2d 742, 742 (2000).  Here, the guaranties are clear and unambiguous in that the Defendants did *not* knowingly and voluntarily waive the benefits of the Georgia Confirmation Statute.  The guaranties make no reference to the Georgia Confirmation Statute and do not contain the key waiver language present in *HWA* and *DCB*.  Upon close review, it is clear that the waiver provision at issue in this case was not intended to waive the requirement of confirmation of a foreclosure sale.

---

[8] Defendants maintain that the confirmation requirements are not defenses that guarantors may waive in advance; rather, the Georgia legislature's purpose for the statute was to impose a condition precedent upon lenders to ensure that the sale was lawfully conducted and brought at least the fair market value of the land on the date of the sale before the lender could bring any action for a deficiency. *See Bank of N. Ga.*, 316 Ga. App. at 38(1); O.C.G.A. § 44-14-161(b), (c).

At the very least, the relevant terms in the present case are, at best, ambiguous, and must be interpreted in favor of Defendants.   As is typical in commercial loan transactions, the Guaranties were drafted by the Lender.   It is a fundamental rule of contract construction in Georgia that "[i]f a contract is capable of being construed in two ways, it will be construed in two ways, it will be construed against the preparer and in favor of the non-preparer."   *Hertz Equip. Rental Corp. v. Evans*, 260 Ga. 532, 532, 397 S.E.2d 692, 694 (Ga. 1990) (citing O.C.G.A. § 13-2-2-(5)).

**2.      Recent Georgia Superior Court decisions support Defendants' argument that *HWA* and *DCB* do not address whether foreclosure confirmation is a condition precedent to pursuit of a deficiency.**

Finally, two Georgia Superior Courts have already addressed and rejected the broad interpretation of *HWA* and *DCB* that would be necessary here for Plaintiff to prevail.   Those courts held that confirmation under O.C.G.A. § 44-14-161 remains a condition precedent to pursuing a deficiency against the guarantors. In an April 2014 case out of Cobb County, the Honorable Jeffrey Hamby of Cobb County granted the defendants' Motion to Dismiss against First Citizens Bank and Trust Company in a case in which First Citizens attempted to pursue a deficiency judgment against guarantors on a loan without first confirming the foreclosure sale. *First Citizens Bank & Trust Co., Inc. v. Jamshid Panahi, et al*, C.A. 14-1-296-40

(April 26, 2014), a certified copy of the Judge Hamby's order granting the Motion to Dismiss is attached hereto as Ex. 5.   In that case, a case with substantially similar facts as those presented in the present case, the court determined that confirmation constitutes a condition precedent, and that the holding in *HWA* did not alter this conclusion.   Thus, because the plaintiff bank failed to comply with O.C.G.A. § 44-14-161, the court determined that "Plaintiff's complaint fail[ed] to state a cause of action," and the court granted the defendants' Motion to Dismiss.

In a July, 2014 decision, the Honorable Cynthia D. Wright reached the same conclusion in a similar case in Fulton County, finding that *HWA* did nothing to alter the requirement that a creditor must obtain confirmation of a foreclosure sale prior to seeking recovery against the guarantors.   *Atlanta Capital Bank v. David B. Songy & Songy Partners, LLC*, C.A. No. 2014CV242455 (June 26, 2014, Sup. Ct. Fulton), a true and correct copy of Judge Wright's order is attached hereto as Ex. 6. In both cases, the courts eloquently and thoroughly addressed the *HWA* and *DCB* decisions, and rejected the only interpretations of those cases that could save Plaintiff's Complaint herein.

Based on the reasoning of these Georgia Superior Court decisions considered after *HWA* and *DCB,* Plaintiff's failure to comply with O.C.G.A. § 44-14-161 bars Plaintiff from pursuing recovery against Defendants herein.

Page 19

**B.** **To the extent this Court determines that current Georgia law is unclear with respect to whether O.C.G.A. § 44-14-161 amounts to a condition precedent to Plaintiff's claims against the Guarantors, this Court should certify such question to the Georgia Supreme Court and stay this case until the question is answered.**

Under the United States Supreme Court's decision in *Lehmen Brothers v. Schein,* 416 U.S. 386 (1974), in the context of a diversity action, it may be appropriate to certify a question to the highest court of the state in order to decide an unsettled question of state law.  In *Lehmen Brothers,* the Court considered on writ of certiorari a shareholders derivative action originally filed in the Southern District of New York.  The district court had applied Florida law to dismiss the plaintiff's claims.  The Second Circuit reversed.  Although the Second Circuit also applied Florida law, the appellate court determined that none of the Florida case law was decisive on this issue, such that it turned to the law of other jurisdictions to see how Florida "would probably" apply a certain New York decision regarding disclosure of insider information.   The Second Circuit concluded that the defendants had engaged in the misuse of corporate property, "viewing the case as the Florida court would probably view it." *Id.* 389.

The dissenting Second Circuit justice advocated for the issue to be certified to the Florida Supreme Court, and once the case reached the High Court on grant of certiorari, the High Court agreed with his reasoning.  The Court noted that

certification in this case "would seem particularly appropriate in view of the novelty of the question and the great unsettlement of Florida law," and thereafter vacated the Second Circuit's opinion and remanded the case "so that that that court may reconsider whether the controlling issue of Florida law should be certified to the Florida Supreme Court pursuant to Rule 4.61 of the Florida Appellate Rules." *Id.*

In the wake of the *Lehmen* decision, "in order to avoid making unnecessary *Erie* guesses," courts in the Eleventh Circuit often resort to certification "where there is doubt in the interpretation of state law." *Tobin v. Mich. Mut. Ins. Co.*, 398 F.3d 1267 (11th Cir. 2005)(certifying where the appeal depended on resolution of questions of unsettled state law and would affect many other cases); *see also Miller v. Scottsdale Ins. Co.,* 310 F.3d 678 (11th Cir. 2005)(certifying an issue to the Florida Supreme Court where there was no controlling Florida authority on the question); *Freeman v. First Union Nat'l,* 329 F.3d 1231 (11th Cir. 2003)(certifying where there was "no clear, controlling precedent in the decisions of the state's highest court" and the "unanswered questions of state law" were "determinative of the appeal").

Georgia law provides for a certification procedure in the Georgia Constitution and the Georgia Supreme Court Rules.  Specifically,

Page 21

> When it shall appear to the Supreme Court of the United States, to any District Court or Circuit Court of Appeals of the United States, or to any state appellate court, that there are involved in any proceeding before it questions or propositions of the laws of this state which are determinative of said cause and there are no clear controlling precedents in the appellate court decisions of this State, such court may certify such questions or propositions of the laws of Georgia to this Court for instructions.

Ga. Sup. Ct. R. 46; *see also* O.C.G.A. § 15-2-9.  Because Georgia provides for a mechanism where a question may be certified directly to the court of last resort, "certification procedures are a very desirable means by which a federal court may ascertain an undecided point of state law."  *Lehmen Bros.,* 416 U.S. at 394 (Rehnquist, concurring).

O.C.G.A. § 44-14-161 and the cases interpreting it are specific as to the requirements a lender must follow when it forecloses on property at a foreclosure sale, and then wishes to pursue an action to obtain a deficiency judgment against the borrower and/or guarantor.  The obvious conflict in Georgia law caused by a broad reading of the Georgia Court of Appeals' decisions in *HWA* and *DCB* make certification under these circumstances highly appropriate.  The Georgia legislature made clear, and the Georgia Supreme Court has recognized, that judicial oversight through foreclosure confirmation proceedings is necessary to prevent abuse by overzealous creditors like Plaintiff, who sell the collateralized property for less than fair market value and are ultimately permitted to recover more than they were

Page 22

originally entitled to recover under the promissory note. The need for clarification and cautious application of the holdings in *HWA* and *DCB* is evident. Without the oversight provided by the confirmation process, debtors will have no recourse to prevent the overzealous creditor from unfairly seeking to recover more than the amount it is owed under the promissory note, as is the case herein.

Accordingly, if the Court does not dismiss Plaintiff's claims as argued in Section I herein, Defendants respectfully move this Court to certify the following questions to the Georgia Supreme Court:

> **1.** **Is a lender's compliance with the requirements contained in O.C.G.A. § 44-14-161 a condition precedent to the lender's ability to pursue a borrower and/or guarantor for a deficiency after a foreclosure has been conducted?**
>
> **2.** **Can lenders use standard-form loan documents to circumvent the requirements of O.C.G.A. § 44-14-161 by requiring borrowers and guarantors to waive the condition precedent requirements of such statute?[9]**

As set forth herein, Georgia law allows this Court to certify to the Georgia Supreme Court "questions of the laws of this state which are determinative of the case and there are no clear controlling precedents in the decisions of the Supreme Court of this state." O.C.G.A. § 15-2-9. The Georgia Supreme Court may answer such questions by written opinion. *Id.*

---

[9] Defendants disagree that the guarantee documents in this case contain any such waiver.

Page 23

If this case is not dismissed, such a certification in this case would serve judicial economy by obtaining a definitive ruling from the Georgia Supreme Court on an issue that is determinative of Plaintiff's claims and will likewise bring clarity to the unsettled state of Georgia law caused by the *HWA* and *DCB* decisions. *See Lehman Bros.,* 416 U.S. at 390-91 (certification of question saves time, energy and resources).

Respectfully submitted this 9th day of January, 2015.

**Andersen Tate & Carr, P.C.**

/s/ R. Matthew Reeves
R. Matthew Reeves
Georgia Bar No. 598808
One Sugarloaf Centre
Suite 4000
1960 Satellite Blvd.
Duluth, Georgia 30097

Attorneys for Defendants Kenneth D.
Smith, William R. Dooley, Terry W.
Dooley, Robert McNaughton, Chris
Dooley, Timothy R. Sterritt, New South
Vision Properties, LLC

## LR 7.1 D CERTIFICATION

This is to certify that the within and foregoing has been prepared with one of the font and point selections approved by the Court in LR 5.1C:  Times New Roman 14 point.

Page 24

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, ) | Civil Action File No.: |
| ) | 1:14-CV-3368-ELR |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KENNETH D. SMITH, WILLIAM R. ) | |
| DOOLEY, TERRY W. DOOLEY, ) | |
| ROBERT MCNAUGHTON, CHRIS ) | |
| DOOLEY, TIMOTHY R. STERRITT, and ) | |
| NEW SOUTH VISION PROPERTIES, ) | |
| LLC, a Florida Limited Liability Company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day presented the foregoing **Motion to Dismiss** to the Clerk of Court for filing and uploading to the CM/ECF system, which will send notice to the counsel of record listed below:

F. Xavier Balderas
Carlton Fields Jorden Burt, P.A.
One Atlantic Center
1201 West Peachtree Street
Suite 3000
Atlanta, Georgia 30509

This 9th day of January, 2015.

ANDERSEN, TATE & CARR, P.C.

/s/ R. Matthew Reeves

_____

R. Matthew Reeves
Georgia Bar No. 598808

1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

Attorneys for Defendants Kenneth D.
Smith, William R. Dooley, Terry W.
Dooley, Robert McNaughton, Chris
Dooley, Timothy R. Sterritt, New
South Vision Properties, LLC