# EXHIBIT 1

FILED
SUPERIOR COURT
JACKSON COUNTY GA
2013 SEP -3 AM 9:09
CAMIE W THOMAS, CLERK

IN THE SUPERIOR COURT OF JACKSON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION<br><br>Petitioner,<br><br>v.<br><br>HOSCHTON TOWNE CENTER, LLC, a Georgia Limited Liability Company, KENNETH D. SMITH, WILLIAM R. DOOLEY, TERRY W. DOOLEY, ROBERT MCNAUGHTON, CHRIS DOOLEY, and TIMOTHY R. STERRITT<br><br>Respondents. | Civil Action No.: W13CV0873 |

CERTIFIED COPY
JACKSON COUNTY, GEORGIA SUPERIOR COURT
DATE January 7, 2015
CLERK Camie W Thomas

### REPORT OF FORECLOSURE SALE UNDER POWER OF SALE AND APPLICATION FOR CONFIRMATION OF SUCH FORECLOSURE SALE

COMES NOW, PETITIONER PNC BANK, NATIONAL ASSOCIATION ("**PNC**" or "**Petitioner**"), successor by merger to RBC Bank (USA) ("**RBC**"), a North Carolina banking corporation, and successor by merger to The Peachtree Bank ("**Peachtree Bank**"), and respectfully shows this Court the following:

1. This Report of Foreclosure Sale Under Power of Sale and Application for Confirmation of Such Foreclosure Sale ("**Application**") is brought pursuant to the provisions of O.C.G.A. § 44-14-161.

2. The real property that is the subject of this Application is more particularly described in **Exhibit A** (the "**Property**"), attached hereto and incorporated by reference herein.

3. The Property is located in Hoschton, Jackson County, Georgia, and venue and jurisdiction in this action are proper in this Court pursuant to O.C.G.A. § 44-14-161(a).

27884481.1

4. Hoschton Towne Center, LLC ("**Hoschton**") is a Georgia limited liability company organized under the laws of the State of Georgia with its principal office located in Buford, Georgia.

5. Kenneth D. Smith ("**Smith**") is an individual who resides in Sarasota, Florida.

6. William R. Dooley ("**W. Dooley**") is an individual who resides in Longboat Key, Florida.

7. Terry W. Dooley ("**T. Dooley**") is an individual who resides in Buford, Georgia.

8. Robert McNaughton ("**McNaughton**") is an individual who resides in Buford, Georgia.

9. Chris Dooley ("**C. Dooley**") is an individual who resides in Buford, Georgia.

10. Timothy R. Sterritt ("**Sterritt**" and collectively with Smith, W. Dooley, T. Dooley, McNaughton, and C. Dooley, the "**Guarantors**" and collectively with Hoschton and PNC, the "**Parties**") is an individual who resides in Suwanee, Georgia.

11. On May 6, 2004, Respondent Hoschton executed and delivered to Peachtree Bank a Promissory Note (the "**Note**") in the original principal amount of $2,500,000.00 (the "**Loan**"), with interest thereon as provided therein. A true and correct copy of the Note is attached as **Exhibit B** and is incorporated herein by reference.

12. On May 6, 2004, Respondent Hoschton executed a Deed to Secure Debt and Security Agreement (hereinafter the "**Security Deed**") in favor of Peachtree Bank. The Security Deed was recorded on May 7, 2004, in Deed Book 34K, Page 233, *et seq.* Jackson County, Georgia Records. A true and correct copy of the Security Deed is attached hereto as **Exhibit C** and is incorporated herein by reference.

13. The Note specified a maturity date of May 6, 2005 (the "**Maturity Date**"), by which all outstanding principal had to be paid.

14. On May 6, 2004, the Guarantors each executed Guaranties (the "**Guaranties**") in favor of Peachtree Bank, collectively guaranteeing, among other things, Hoschton's obligations under the Note and the Security Deed. True and correct copies of the Guaranties are attached as composite **Exhibit D** and incorporated herein by reference.

15. On May 2, 2005, Hoschton executed and delivered to the Peachtree Bank a modified Promissory Note (the "**First Modified Note**"), *inter alia*, increasing the principal amount on the Note to $2,700,000.00 ("**First Modified Loan**"), with interest thereon as provided therein. A true and correct copy of the First Modified Note is attached hereto as **Exhibit E** and incorporated herein by reference.

16. On May 2, 2005, the Guarantors each executed Guaranties (the "**2005 Guaranties**") in favor of Peachtree Bank, collectively guaranteeing, among other things, Hoschton's obligations under the First Modified Note and the Security Deed. True and correct copies of the 2005 Guaranties are attached as composite **Exhibit F** and incorporated herein by reference.

17. On November 10, 2006, Hoschton executed and delivered to the Peachtree Bank a modification to the First Modified Note (the "**Second Modified Note**"), *inter alia*, decreasing the principal amount on the First Modified Note to $2,685,325.00 (the "**Second Modified Loan**"), with interest thereon as provided therein. A true and correct copy of the Second Modified Note is attached hereto as **Exhibit G** and incorporated herein by reference.

18. On November 10, 2006, Hoschton executed and delivered to Peachtree Bank a Modification and Extension of Promissory Note/Deed to Secure Debt that modified, extended, renewed the First Modified Note and Security Deed ("**First Modification**"). The First Modification was recorded on December 18, 2006 in Deed Book 46U, Page 724-725, *et seq.*

Jackson County, Georgia Records. A true and correct copy of the First Modification is attached hereto as **Exhibit H** and is incorporated herein by reference.

19. On November 10, 2006, the Guarantors each executed Guaranties (the "**2006 Guaranties**") in favor of Peachtree Bank, collectively guaranteeing, among other things, Hoschton's obligations under the Second Modified Note and the First Modification. True and correct copies of the 2006 Guaranties are attached as composite **Exhibit I** and incorporated herein by reference.

20. On April 2, 2007, Hoschton executed and delivered to the Peachtree Bank a modification to the Second Modified Note (the "**Third Modified Note**"), *inter alia*, increasing the principal amount on the Second Modified Note to $2,688,037.50 (the "**Third Modified Loan**"), with interest thereon as provided therein. A true and correct copy of the Third Modified Note is attached hereto as **Exhibit J** and incorporated herein by reference.

21. On April 2, 2007, Hoschton executed and delivered to Peachtree Bank a Modification and Extension of Promissory Note/Deed to Secure Debt that modified, extended, renewed the Second Modified Note and Security Deed ("**Second Modification**"). The Second Modification was recorded on April 23, 2007 in Deed Book 48J, Page 77-78, *et seq.* Jackson County, Georgia Records. A true and correct copy of the Second Modification is attached hereto as **Exhibit K** and is incorporated herein by reference.

22. On April 2, 2007, the Guarantors each executed Guaranties (the "**2007 Guaranties**") in favor of Peachtree Bank, collectively guaranteeing, among other things, Hoschton's obligations under the Third Modified Note and the Second Modification. True and correct copies of the Guaranties are attached as composite **Exhibit L** and incorporated herein by reference.

23. On April 7, 2008, Hoschton executed and delivered to the Peachtree Bank a modification to the Third Modified Note (the "**Fourth Modified Note**" and collectively with the Note, First Modified Note, Second Modified Note, and the Third Modified Note, the "**Hoschton Notes**"), *inter alia*, decreasing the principal amount on the Fourth Modified Note to $2,655,183.72 (the "**Fourth Modified Loan**"), with interest thereon as provided therein. A true and correct copy of the Fourth Modified Note is attached hereto as **Exhibit M** and incorporated herein by reference.

24. The Fourth Modified Note specified a change in the maturity date to April 7, 2011 (the "**Modified Maturity Date**"), on which all outstanding principal due on the Loan had to be paid.

25. On April 7, 2008, Hoschton executed and delivered to Peachtree Bank a Modification of Security Deed that modified, extended, and renewed the Security Deed (the "**Third Modification**"). The Third Modification was recorded on April 11, 2008 in Deed Book 52A, Page 385-386, *et seq.* Jackson County, Georgia Records. A true and correct copy of the Third Modification is attached hereto as **Exhibit N** and is incorporated herein by reference.

26. On April 7, 2008, the Guarantors each executed Guaranties (the "**2008 Guaranties**") in favor of Peachtree Bank, collectively guaranteeing, among other things, Hoschton's obligations under the Fourth Modified Note and the Third Modification. True and correct copies of the 2008 Guaranties are attached as composite **Exhibit O** and incorporated herein by reference.

27. On or about April 11, 2008, Peachtree Bank merged with RBC.

28. On or about March 3, 2012, RBC merged with PNC.

29. PNC is the holder of the Hoschton Notes, the Security Deed, First Modification, Second Modification, and Third Modification (collectively the "**Loan Documents**").

27884481.1

30.     The Security Deed contains a power of sale provision authorizing its holder, in the event of default, to sell the Property, or any part of the Property, to the highest bidder for cash at the usual place of conducting sales at the courthouse in the county where the land is located, after first giving notice of the time, terms, and place of advertisement once a week for four (4) consecutive weeks in a newspaper published in such county where sheriff's sales are advertised.

30.     Hoschton defaulted on the Loan and subsequent modifications to same including, but not limited to, the Fourth Modified Loan, by failing to repay the indebtedness evidenced by the Hoschton Notes.

31.     On or about April 18, 2013, PNC, in accordance with the provisions of the Loan Documents, accelerated the maturity of the Hoschton Notes and declared the entire unpaid principal balance immediately due and payable, and transmitted a notice of acceleration and demand for payment (the "**Default Demand**") to Respondents by Federal Express.  True and correct copy of the Default Demand is attached hereto as **Exhibit P** and incorporated herein by reference.

32.     On or about June 28, 2013, PNC transmitted the Notice Pursuant to O.C.G.A. § 44-14-162.2 of Initiation of Proceedings to Exercise a Power of Sale in a Deed to Secure Debt (the "**Notice of Foreclosure**"), in which PNC provided notice to Hoschton and the Guarantors of PNC's intent to exercise the power of sale contained in the Security Deed.  The Notice of Foreclosure is attached as **Exhibit Q** and incorporated by reference herein.

33.     PNC advertised the sale of the Property in the manner authorized by the power of sale provision in the Security Deed, and all subsequent modifications to same, and by law in *The Jackson Herald*, it being the official newspaper published in Jackson County, Georgia, in which sheriff's advertisements are published.  The advertisement was published once a week for four (4) consecutive weeks immediately preceding the sale, on July 10, 17, 24, and 31, 2013.  A true

and correct copy of the advertisement and affidavit of publication are attached hereto as composite **Exhibit R** and is incorporated by reference herein.

34.  Pursuant to the terms of the power of sale and the advertisement, PNC offered the Property for sale to the highest bidder for cash before the courthouse door in Jackson County, Georgia, within the legal hours of sale, on August 6, 2013.

35.  At the sale referred to hereinabove, the Property was knocked off and sold to the highest bidder for cash, which was PNC, with a credit bid for the sum of $730,000.00, which equals at least the true market value of the Property at the time of the sale. A true and correct copy of the Deed Under Power of Sale is attached hereto as **Exhibit S** and is incorporated herein by reference.

36.  On August 6, 2013, PNC assigned its foreclosure bid to Land Holding, LLC, a Delaware limited liability company. *See* Deed Under Power of Sale.

37.  The Property did not bring the amount of the debt due PNC and, thus, a deficiency remains.

38.  So that PNC may bring an action to recover the deficiency, it hereby reports the sale under power to this Court within thirty (30) days of said sale and prays that said sale be confirmed and approved under O.C.G.A. § 44-14-161.

39.  PNC shows that because the foreclosure sale was conducted and advertised as required by O.C.G.A. § 44-14-161, and because the Property sold for at least its true market value, the sale should be confirmed and approved.

WHEREFORE, PNC respectfully prays that the Court:

(a)  Fix a time and place for a hearing of this Application;

(b)  Direct that the Notice thereof be given to Respondents at least five (5) days prior to said hearing;

(c) Pass upon the legality of the notice, advertisement, and regularity of the sale; and

(d) Confirm and approve the sale pursuant to O.C.G.A. § 44-14-161, or, should the sale not be confirmed, that this Court grant such other and further relief as may be necessary.

This 3rd of September, 2013.

CARLTON FIELDS, P.A.

By: _____
F. Xavier Balderas
Georgia Bar No.: 705136
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, GA  30309
Telephone:   404.815.2734
Facsimile:    404.815.3415

*Attorneys for Petitioner PNC Bank, National Association*
