IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) |
| | ) Civil Action File No.: |
| Plaintiff, | ) 1:14-CV-3368-ELR |
| | ) |
| v. | ) |
| | ) |
| KENNETH D. SMITH, WILLIAM R. DOOLEY, TERRY W. DOOLEY, ROBERT MCNAUGHTON, CHRIS DOOLEY, TIMOTHY R. STERRITT, and NEW SOUTH VISION PROPERTIES, LLC, a Florida Limited Liability Company, | ) |
| Defendants. | ) |

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO CERTIFY

COME NOW Defendants Kenneth D. Smith, William R. Dooley, Terry W. Dooley, Robert McNaughton, Chris Dooley, Timothy R. Sterritt, and New South Vision Properties, LLC, (collectively, "Defendants" or "Guarantors"), by and through their undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and file this their Reply Brief in Support of Defendants' Motion to Dismiss Plaintiff's Complaint or in the alternative, Motion to Certify, respectfully showing the Court as follows:

## Relevant Procedural Background

It is undisputed that prior to instituting this civil action, Plaintiff foreclosed on the Subject Property that was used to secure the Notes underlying the Guaranties which are the subject of this civil action. Following this non-judicial foreclosure sale of the Subject Property, Plaintiff instituted a foreclosure confirmation proceeding in the Superior Court of Jackson County, Georgia as required by O.C.G.A. § 44-14-161. However, after receiving multiple offers to purchase the Subject Property for substantially more than what the Subject Property was knocked down and sold at foreclosure, Plaintiff voluntarily dismissed the foreclosure confirmation action without prejudice, effectively acknowledging the futility of its continued pursuit of confirmation.

## Argument & Citation to Authority

I. **Plaintiff's claims must be dismissed as this Court lacks subject matter jurisdiction over such claims and subject matter jurisdiction cannot be consented to or waived by agreement.**

Georgia's Foreclosure Confirmation Statute contained at O.C.G.A. § 44-14-161, *et seq.*, makes clear that once a creditor forecloses on real property securing a debt, the creditor cannot bring an action to recover a deficiency against a borrower or guarantor unless the creditor confirms the foreclosure sale in accordance with the requirements of the statute. In other words, the Foreclosure Confirmation

Statute creates a condition precedent to the pursuit of a deficiency judgment. *See Windland Co. v. Federal Deposit Ins. Corp.*, 151 Ga.App. 742 (1979), *rev'd* on other grounds, 245 Ga. 194 (1980) (describing foreclosure confirmation as a "clear and emphatic . . . condition precedent" to the pursuit of a deficiency judgment). Moreover, once a non-judicial foreclosure sale has been conducted, failure to confirm that sale in compliance with the statute deprives a subsequent court of jurisdiction to entertain a later filed suit seeking a deficiency judgment. *Archer Capital Fund, LP v. TKW Partners, LLC*, 2009 WL 2356072 (N.D. Ga. July 27, 2009).

In many contexts outside of foreclosure confirmation, Georgia courts have likewise determined that satisfying a condition precedent is a jurisdictional question, which if not satisfied, prevents a valid pending action from proceeding. *See Couch v. Wallace*, 249 Ga. 568 (1982); *Little v. Walker,* 250 Ga. 854 (1983). For example, the requirements of O.C.G.A. § 9-11-41(d) have been found to be jurisdictional in nature. That section requires a plaintiff who previously dismissed an action to pay the court costs of that action before pursuing the same claim against the same defendant in a subsequently filed action. If costs are not paid prior to the filing of the second action, the second suit is not a valid pending action and is subject to dismissal. *Couch*, 249 Ga. at 406.

This is also true in the context of derivative actions. Georgia's Derivative Action Statute contained at O.C.G.A. § 14-11-801, *et seq.*, enables a member of a limited liability company (an "LLC") to pursue an action on behalf of the LLC once certain conditions are satisfied. *Id.* Georgia courts interpreting the Derivative Action Statute uniformly hold that failure to satisfy the conditions precedent necessary to pursue a derivative action leaves the court without subject matter jurisdiction over the petitioning party's claims. *See Pinnacle Benning LLC v. Clark Realty Capital, LLC*, 314 Ga. App. 609 (2012); *see also Layton v. Boney*, 218 Ga. 527 (1962) (finding that failure to satisfy derivative action requirements left "hearing and judgment thereafter nugatory"). In *Pinnacle Benning*, for example, the court held that as a result of Pinnacle's failure to meet the conditions precedent in the Derivative Action Statute, the superior court lacked subject matter jurisdiction over Pinnacle's claims. 314 Ga. App. at 617-18. Specifically, the court determined that "the trial court's dismissal of Pinnacle's action was actually due to a lack of subject matter jurisdiction based upon Pinnacle's failure to meet a procedural prerequisite prior to filing suit." *Id.*

Just like Georgia's Derivative Action Statute bars a member of an LLC from pursuing a claim on behalf of the LLC unless certain statutory requirements are satisfied, Georgia's Foreclosure Confirmation Statute likewise bars a creditor from

pursuing a deficiency judgment against a debtor[1] unless the creditor obtains a judicial order confirming that the land sold for its true market value. *See Taylor v. Thompson*, 158 Ga. App. 671 (1981). The plain language of the statute could not be more clear:

> When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds . . . and at the sale the real estate does not bring the amount of the debt secured by the deed . . . **no action may be taken to obtain a deficiency judgment unless** the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and **shall obtain an order of confirmation and approval** thereon.

O.C.G.A. § 44-14-161 (a) (Emphasis added). "The confirmation statute is in derogation of the common law and must be strictly construed." *River Farm, LLC v. SunTrust Bank*, 305 Ga. App. 337 (2010); *see also Turner v. Commonwealth Mtg. Assurance Co.*, 207 Ga.App. 428, 428 S.E.2d 398 (1993).

The only fair reading of Georgia's Foreclosure Confirmation Statute is that confirmation of a foreclosure sale pursuant to O.C.G.A. § 44-14-161 is an affirmative condition precedent that a creditor must plead and prove as part of any case in which the creditor seeks a deficiency judgment. *Archer Capital Fund,*

---

[1] Georgia case law has defined the term "debtor" broadly in the context of O.C.G.A. § 44-14-161 specifically to include guarantors, such as Defendants in the present case. *See First Nat'l Bank & Trust Co. v. Kunes*, 230 Ga. 888, 889 (1973).

2009 WL 2356072 at *4. In other words, the failure to confirm a foreclosure sale is a jurisdictional bar to recovery under a deficiency claim. *Id.; see also, Commercial Exch. Bank v. Johnson*, 197 Ga. App. 529, 530 (1990).

Federal Rule of Civil Procedure 12(h)(3) requires a court to dismiss an action "[i]f the court determines at any time that it lacks subject matter jurisdiction." Moreover, subject matter jurisdiction cannot be consented to or waived by the parties. *Bolden v. Barton,* 278 Ga. 831 (2005) ("Subject matter jurisdiction has a unique attribute. It can never be waived."). It follows that regardless of any language in the Guaranties that might otherwise be construed as a waiver of the Foreclosure Confirmation Statute, such a waiver is not permissible under the law.

As explained, compliance with the Foreclosure Confirmation Statute is a condition precedent to Plaintiff's pursuit of a deficiency judgment. Moreover, failure to comply with the statute deprives this Court of subject matter jurisdiction, and thus the Guarantors could not waive the requirements of the Foreclosure Confirmation Statute by agreement or otherwise. Both the April 2, 2007 Guaranties and the April 7, 2008 Guaranties at issue in this case contain limiting language confirming that the waivers in these Guaranties were not intended to

waive the condition precedent of foreclosure confirmation to the pursuit of a deficiency judgment.[2]

The April 7, 2008 Guaranties contain the following limiting language: "*Except as prohibited by applicable law*, Guarantor waives any right to require Lender" to do certain things. Likewise, the April 2, 2007 Guaranties provide that the Guarantor "expressly agrees that the [Guarantor] shall remain liable, *to the fullest extent permitted by applicable law* . . ." This language takes into account applicable law placing limitations on the guarantor's proposed "unlimited" liability under the guaranty. The effect of these provisions is to limit the reach of the waiver to comply with applicable law. Indeed, the April 7, 2008 Guaranties confirms this to be true:

> GUARANTOR'S UNDERSTANDING WITH RESPECT TO WAIVERS. Guarantor warrants and agrees that each of the waivers set forth above is made with Guarantor's full knowledge of its significance and consequences and that, under the circumstances, the waivers are reasonable and not contrary to public policy or law. *If any such waiver is determined to be contrary to any applicable law or public policy, such waiver shall be effective only to the extent permitted by law or public policy.*

---

[2] Defendants point out that there are 30 separate guaranties attached as exhibits to Plaintiff's Complaint. It appears that Plaintiff is proceeding under all 30 guaranties, globally. Defendants acknowledge that some of the language contained in the 2007 Guaranties is similar to the guaranty language at issue in the *HWA Properties, Inc. v. Community & Southern Bank*, 322 Ga. App. 877 (2013), the "HWA" decision, and the *Community & Southern Bank v. DCB Investments, LLC*, 328 Ga. App. 605 (2014), the "DCB" decision.

(Emphasis added). As set forth herein, applicable law, *i.e.,* the conditions precedent set forth in the Foreclosure Confirmation Statute, cannot be waived, since such a waiver would amount to a waiver of subject matter jurisdiction, something that cannot be consented to or waived by agreement under Georgia law.

The Georgia Court of Appeals' decision in *HWA* does not alter this result. A close review of the *HWA* decision demonstrates that the court reached its waiver decision *sua sponte*. This means that the appellant did not raise or brief the waiver argument in any of its briefs submitted to the Court of Appeals. In footnote 15 of the *HWA* decision, the court revealed that "the appellants did not address the guaranty's waiver of all defenses in their appellate briefs."[3] Further, none of the three decisions cited by the Court of Appeals in *HWA* involve a guarantor's purported waiver of rights under the confirmation statute, and none of the cited decisions address whether failure to obtain confirmation is a jurisdictional bar to seeking a deficiency judgment against borrowers or guarantors. *See Baby Days v. Bank of Adairsville,* 218 Ga.App. 752 (1995); *Gen. Motors Acceptance Corp. v.*

---

[3] It is not at all surprising that the appellant in *HWA* did not make the waiver argument that the Court of Appeals addressed *sua sponte*, given Georgia courts' longstanding decisions treating failure to confirm as a jurisdictional bar to the pursuit of a deficiency.

*Newton*, 214 Ga. App. 405 (1994); and *Worth v. First Nat. Bank*, 175 Ga. App. 297 (1985), the three cases cited by the *HWA* Court in support of its decision.

The issue before the Court *sub judice* is whether Plaintiff failed to plead an essential element of its claim, indeed, whether Plaintiff failed to satisfy an affirmative condition precedent to its pursuit of a deficiency judgment against the Guarantors, thus depriving this Court of subject matter jurisdiction over its claims.[4] Because subject matter jurisdiction cannot be waived, any language that could arguably be construed as waiving this condition precedent of foreclosure confirmation could not be effective and is not intended to be effective under the limiting language contained in the Guaranties. Accordingly, Plaintiff's complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3), as well as 12(b)(6).

II. **If the Court does not dismiss Plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3), as well as 12(b)(6), this Court should certify certain questions to the Georgia Supreme Court.**

The clear and controlling case law in Georgia as set forth in Section I herein demonstrates that when a lender chooses to conduct a non-judicial foreclosure sale, Georgia's Foreclosure Confirmation Statute creates a condition precedent to the lender's pursuit of a deficiency judgment against both the borrower and guarantor,

---

[4] Notably, these arguments were neither raised nor addressed by the Georgia Court of Appeals in *HWA* or *DCB*.

such that the failure to confirm such sale deprives a subsequent court of subject matter jurisdiction to entertain a suit for deficiency. Moreover, because subject matter jurisdiction is not subject to waiver, any purported waiver of the conditions precedent in the Foreclosure Confirmation Statute is ineffective under Georgia law.

Notwithstanding Plaintiff's argument to the contrary, neither the *HWA* nor the *DCB* decision address this paramount issue. These decisions fail to address the condition precedent argument, and thus fail to reconcile decades of Georgia case law recognizing failure to confirm a non-judicial foreclosure sale as a jurisdictional bar to a subsequent suit for a deficiency. The uncertainty created by these decisions is apparent. Trial judges across the State of Georgia, including the Honorable Jeffrey Hamby in the Cobb County Superior Court, recognize this failure on the part of the Court of Appeals. In his April 28, 2014 opinion, which is attached as Exhibit "5" to Defendants' Motion to Dismiss, Judge Hamby concludes:

> Confirmation of a foreclosure sale pursuant to O.C.G.A.§ 44-14-161 is an affirmative condition precedent a creditor must plead and prove as part of any case in which the creditor seeks a deficiency judgment against a debtor. Here, Plaintiff did not obtain confirmation of its foreclosure sale prior to bringing this action. Because Plaintiff cannot allege or prove an essential element of its cause of action, Plaintiff's complaint fails to state a cause of action under O.C.G.A. § 44-14-161.

> The holding in the case of *HWA Prop., Inc. v. Cmty. & S. Bank* does not alter this result. *The issue here is whether the Plaintiff failed to plead an essential element of its claim, not whether the Defendants may have prospectively waived one or more of their defenses to a validly stated claim.* The issue central to the instant case was neither raised nor addressed by the Georgia Court of Appeals in *HWA Prop., Inc.* and is not the holding of the case.

(Emphasis added). A close review of the *DCB* decision, decided after Judge Hamby's decision quoted above, confirms that the Court of Appeals likewise did not consider whether the lender failed to plead an essential element of its claim in *DCB*. The same holds true for each reported decision after the *HWA* and the *DCB* decisions – no court has even attempted to reconcile these decisions with longstanding Georgia case law establishing that failure to satisfy section 44-14-161 conditions precedent results in a lack of subject matter jurisdiction to a subsequent court on a suit for deficiency.

It is clear that both the *HWA* and *DCB* decisions create uncertainty in the state of Georgia law in an area of the law where clarity is of utmost importance and significance. This is of particular importance in the present case because, when taken to their logical conclusion, these holdings effectively repeal the Foreclosure Confirmation Statute in its entirety. Such a result would be repugnant to the public policy of this state and an end-run around the limited protections the Foreclosure Confirmation Statute was intended to provide to borrowers and guarantors.

Georgia's General Assembly itself commented on this very point:

> The deficiency judgment is necessary for the protection of the creditor. It is just and reasonable that a debtor fully repay the creditor who bears the risk of lending him money. The reach of the deficiency judgment, however, should be circumscribed by sufficient safeguards to protect the debtor from overreaching by the creditor. If the present statutes are interpreted properly, the debtor, whether mortgagor, pledgor, or otherwise, is provided with sufficient protection.

*See Redman Industries, Inc. v. Tower Properties, Inc.*, 517 F.Supp. 144, 150 (citing comments by Georgia General Assembly).

The public policy underlying Georgia's Foreclosure Confirmation Statute is clear: to protect the debtor, both borrower and guarantor, from being subjected to double payment in cases where the property is purchased at foreclosure for less than its market value. *See First. Nat'l Bank Trust Co. v. Kunes*, 128 Ga.App. 565 (1973).

> [The Foreclosure Confirmation Statute] was adopted in 1935 during the Great Depression and was intended to protect debtors against unscrupulous lenders who sought to take advantage of the first sale nature of a foreclosure sale in a tremendously depressed market by bidding in a low price to maximize the amount of a deficiency judgment that the lender might then obtain and seek to recover against the debtor.

Craig Pendergrast & Sara LeClerc, Georgia Foreclosure Confirmation Proceedings in Today's Recessionary Real Estate World, V. 16, No. 4 Georgia Bar J. 11 (December 2010), hereinafter "Georgia Foreclosure Confirmation Proceedings in

Today's Recessionary Real Estate World"; *see also, Bank of North Ga. v. Windermere Development, Inc.*, 316 Ga.App 33 (2012). The public policy underlying the statute was designed to protect against exactly what occurred *sub judice* – Plaintiff's bidding of a low price in order to maximize the amount of deficiency judgment that it could obtain against the Defendants. While the policy considerations behind the Georgia legislature's creation of the Foreclosure Confirmation Statute may have been less compelling in some time periods from 1935 to the present, the more recent state of Georgia's real estate market "harken back to the days and concerns that gave birth" to Georgia's Foreclosure Confirmation Statute, and should not be ignored. "Georgia Foreclosure Confirmation Proceedings in Today's Recessionary Real Estate World".

The rulings in both *HWA* and *DCB* essentially discuss the concept of waiver language contained in the guaranties at issue in those cases. If failure to comply with the Foreclosure Confirmation Statute is not a jurisdictional bar to pursuit of a deficiency judgment, nothing prevents lenders from including the same comprehensive waiver language typically found in guaranties in the underlying notes themselves – meaning that both borrowers and guarantors could waive the protections of the Foreclosure Confirmation Statute. Such an interpretation effectively repeals the statute itself.

O.C.G.A. § 44-14-161 and the cases interpreting it are specific as to the requirements a lender must follow when it forecloses on property at a foreclosure sale, and then wishes to pursue an action to obtain a deficiency judgment against the borrower and/or guarantor. The obvious conflict in Georgia law caused by a broad reading of the Georgia Court of Appeals' decisions in *HWA* and *DCB* make certification under these circumstances highly appropriate. The Georgia legislature made clear, and the Georgia Supreme Court has recognized, that judicial oversight through foreclosure confirmation proceedings is necessary to prevent abuse by overzealous creditors like Plaintiff, who sell the collateralized property for less than fair market value and are ultimately permitted to recover more than they were originally entitled to recover under the promissory note.

The need for clarification and cautious application of the holdings in *HWA* and *DCB* is evident. Without the oversight provided by the confirmation process, debtors will have no recourse to prevent the overzealous creditor from unfairly seeking to recover more than the amount it is owed under the promissory note, as is the case herein. Accordingly, if the Court does not dismiss Plaintiff's claims as argued in Section I herein, Defendants respectfully move this Court to certify the following questions to the Georgia Supreme Court:

    1.    **Is a lender's compliance with the requirements contained in O.C.G.A. § 44-14-161 a condition precedent to the lender's**

ability to pursue a borrower and/or guarantor for a deficiency after a foreclosure has been conducted?

2. Can lenders use standard-form loan documents to circumvent the requirements of O.C.G.A. § 44-14-161 by purporting to require borrowers and/or guarantors to waive the condition precedent requirements contained therein, or does such a purported waiver deprive the court of subject matter jurisdiction over a subsequent suit for a deficiency judgment?

If Plaintiff's Complaint is not dismissed, such a certification in this case would serve judicial economy by obtaining a definitive ruling from the Georgia Supreme Court on issues that are determinative of Plaintiff's claims and will likewise bring clarity to the unsettled state of Georgia law caused by the *HWA* and *DCB* decisions. *See Lehman Bros. v. Schein,* 416 U.S. 386, 390-91(1974) ("certification of question saves time, energy and resources").

Respectfully submitted this 6th day of February, 2015.

**Andersen Tate & Carr, P.C.**

/s/ Elizabeth L. Clack-Freeman
R. Matthew Reeves
Georgia Bar No. 598808
Elizabeth L. Clack-Freeman
Georgia Bar No. 126888
One Sugarloaf Centre
Suite 4000
1960 Satellite Blvd.
Duluth, Georgia 30097
Attorneys for Defendants

## **LR 7.1 D CERTIFICATION**

This is to certify that the within and foregoing has been prepared with one of the font and point selections approved by the Court in LR 5.1C: Times New Roman 14 point.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KENNETH D. SMITH, WILLIAM R. ) <br> DOOLEY, TERRY W. DOOLEY, ) <br> ROBERT MCNAUGHTON, CHRIS ) <br> DOOLEY, TIMOTHY R. STERRITT, and ) <br> NEW SOUTH VISION PROPERTIES, ) <br> LLC, a Florida Limited Liability Company, ) <br> ) <br> Defendants. ) <br> ) | Civil Action File No.: <br> 1:14-CV-3368-ELR |

## CERTIFICATE OF SERVICE

This is to certify that I have this day presented the foregoing **Reply Brief in Support of Motion to Dismiss or in the Alternative Motion to Certify** to the Clerk of Court for filing and uploading to the CM/ECF system, which will send notice to the counsel of record listed below:

> F. Xavier Balderas
> Carlton Fields Jorden Burt, P.A.
> One Atlantic Center
> 1201 West Peachtree Street
> Suite 3000
> Atlanta, Georgia 30509

This 6th day of February, 2015.

                ANDERSEN, TATE & CARR, P.C.

                /s/ Elizabeth L. Clack-Freeman
                _____
                R. Matthew Reeves
                Georgia Bar No. 598808
                Elizabeth L. Clack-Freeman
                Georgia Bar No. 126888
                Attorneys for Defendants

1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

2247924_1