# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | * * * | |
| Plaintiff, | * * | |
| v. | * * | 1:14-CV-03368-ELR |
| KENNETH D. SMITH, WILLIAM R. DOOLEY, TERRY W. DOOLEY, ROBERT MCNAUGHTON, CHRIS DOOLEY, TIMOTHY R. STERRITT, And NEW SOUTH VISION PROPERTIES, LLC, a Florida Limited Liability Company, | * * * * * * * * | |
| Defendants. | * | |

_____

# O R D E R
_____

This matter is before the Court on the Motion to Dismiss, or in the Alternative, Motion to Certify (Doc. No. 5), filed by Defendants Kenneth D. Smith, William R. Dooley, Terry W. Dooley, Robert McNaughton, Chris Dooley, Timothy R. Sterritt, and New South Vision Properties, LLC (collectively, "Defendants" or "Guarantors"). Also pending before the Court is Defendants' Motion for Oral Argument (Doc. No. 9) regarding the pending Motion to Dismiss. After having considered the arguments of the parties, the Court enters the following Order.

## I. BACKGROUND

Plaintiff PNC Bank, National Association ("PNC") filed this action seeking money damages jointly and severally from all of the Defendants for all principal, interest, late charges, and costs arising from the alleged default of Defendants' obligations under certain guaranties, as well as attorneys' fees. According to the facts alleged in the Complaint, Defendants acted as Guarantors for certain promissory notes, a deed to secure debt, and a security agreement for a loan regarding a parcel of real property located in Jackson County, Georgia. (Doc. No. 1, ¶¶ 14-18.) The original loan was made on or about May 6, 2004. (Id.) The loan then went through several modifications, with the Guarantors executing additional guaranties in 2005, 2006, 2007, and 2008. (Id., ¶¶ 19-30.) PNC is the holder of the notes, deed, modifications, and guaranties. (Id., ¶ 33.)

On or about April 18, 2013, following the Borrower's default, PNC sent the Borrower and Guarantors notice of its intent to accelerate the maturity of the notes and to declare the entire unpaid principal and interest then due immediately due and payable. (Id., ¶ 38.) PNC does not dispute that on or about June 28, 2013, it also transmitted notice of its intent to initiate foreclosure proceedings. Subsequently, PNC conducted a foreclosure sale and sold the Jackson County property. Further undisputed is the fact that PNC did not obtain confirmation of this sale pursuant to O.C.G.A. § 44-14-161. Though PNC initiated a confirmation action, it filed a Notice of Dismissal Without Prejudice of that action prior to

2

obtaining confirmation of the foreclosure sale. Now, PNC pursues the Guarantors for an alleged deficiency, claiming that they have waived any and all defenses to such action, including the requirements of the confirmation statute.

## II.  ANALYSIS

A federal court may certify a question of law to the Georgia Supreme Court when the proceeding involves "questions of the laws of this state which are determinative of the case and there are not clear controlling precedents in the decisions of the Supreme Court of this state." O.C.G.A. § 15-2-9(a); see also Ga. Sup. Ct. R. 46. "Where there is doubt in the interpretation of state law . . . a federal court should certify the question to the state supreme court to avoid making unnecessary Erie 'guesses' and to offer the state court the opportunity to interpret or change existing law." Gulfstream Park Racing Ass'n. v. Tampa Bay Downs, Inc., 399 F.3d 1276, 1279 (11th Cir. 2005) (citations omitted).

The essential argument the parties bring before this Court concerns whether a guarantor may waive the requirements of the confirmation statute using standard contractual waivers in the guaranties.[1] Defendants argue that confirmation is a condition precedent to bringing an action for deficiency following a foreclosure sale. Plaintiff, on the other hand, contends that the Defendants have waived the confirmation requirement of O.C.G.A. § 44-14-161 by virtue of the waivers included in the various guaranties. However, because conditions precedent are

---

[1] The parties have adequately briefed the issues before the Court; oral argument is not necessary.

3

often treated as a jurisdictional requirement, which, if not satisfied, prevents a court from obtaining subject-matter jurisdiction over the case, courts have previously held that they cannot be waived. Due to recent decisions by the Georgia Court of Appeals, the state of the law on this issue is unclear.[2]

It appears to the Court that this case involves questions of Georgia law that are determinative of the case and that may have a significant impact on existing Georgia law regarding the effect of failure to confirm a foreclosure sale before proceeding on an action for deficiency judgment. Accordingly, the Court certifies the following questions for resolution by the Georgia Supreme Court:

1) IS A LENDER'S COMPLIANCE WITH THE REQUIREMENTS CONTAINED IN O.C.G.A. § 44-14-161 A CONDITION PRECEDENT TO THE LENDER'S ABILITY TO PURSUE A BORROWER AND/OR GUARANTOR FOR A DEFICIENCY AFTER A FORECLOSURE HAS BEEN CONDUCTED?

2) IF SO, CAN BORROWERS OR GUARANTORS WAIVE THE CONDITION PRECEDENT REQUIREMENTS OF SUCH STATUTE BY VIRTUE OF WAIVER CLAUSES IN LOAN DOCUMENTS?

In certifying these questions, the Court does not intend the particular phrasing of the questions to limit the Georgia Supreme Court in its consideration of the problem posed by this case or in its analysis of the record certified in this case.

---

[2] See HWA Prop., Inc. v. Cmty. & S. Bank, 322 Ga. App. 877, 746 S.E.2d 609 (2013); Cmty. & S. Bank v. DCB Inv., LLC, 328 Ga. App. 605, 760 S.E.2d 210 (2014).

4

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion for Oral Argument (Doc. No. 9) is **DENIED**. Defendants' Motion to Dismiss, or in the Alternative, Motion to Certify (Doc. No. 5) is **GRANTED IN PART AND DENIED IN PART.** The entire record, along with the briefs of the parties, shall be transmitted to the Supreme Court of Georgia. Due to the certification of a controlling question of law, Defendants' Motion to Dismiss is **DENIED** without prejudice to its renewal upon the issuance of an opinion by the Supreme Court of Georgia. The case is otherwise **STAYED.** The Court further orders that this case be **ADMINISTRATIVELY CLOSED** and reopened upon the issuance of an opinion by the Supreme Court of Georgia. When such opinion is issued, Defendants shall inform the Court by filing a written motion to reopen the case.

**SO ORDERED**, this 3rd day of June, 2015.

*Eleanor L. Ross*
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE